UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS BERT PRINS,<br><br>   Petitioner,<br><br>   v.<br><br>IMMIGRATIONS AND CUSTOMS ENFORCEMENT FIELD OFFICER, et al., | CASE NO. 2:25-cv-00410-BHS-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Thomas Bert Prins, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus, and an application to proceed *in forma pauperis* (IFP). Dkt. 1. At the time Petitioner signed the habeas petition on February 25, 2025, [1] he was detained at the Northwest ICE Processing Center (NWIPC). The United States has advised the Court that Petitioner was removed to Canada, his home country, on February 28, 2025. Because Petitioner has been removed, and habeas relief regarding Petitioner's detention cannot be granted, the Court recommends the matter be dismissed with prejudice, and Petitioner's application to proceed *in forma pauperis* be stricken for the reasons below.

The habeas petition acknowledges Petitioner entered "the USA illegally in 2023," (habeas petition, Dkt. 1 at 12) and makes wide ranging allegations including "Indefinite

---

[1] *See* Dkt. 1 (habeas petition at 95).

REPORT AND RECOMMENDATION - 1

Detention," (*id.* at 3) and that Petitioner was convicted of crimes in his home county of Canada after he was "forced to incriminate [himself] by corrupt RCMP Police in Canada," *Id.* at 26.

A habeas petition provides a mechanism for detained aliens seeking release from immigration detention. Petitioner does not clearly articulate the basis of his immigration detention, but as Petitioner acknowledges he was convicted of crimes in Canada, the Court assumes he was taken into immigration custody under 8 U.S.C. § 1226, which authorizes the Attorney General to arrest an alien, and take into custody any alien who is inadmissible by reason of having committed any offense covered in § 1182(a)(2). *See* 8 U.S.C. § 1226(a) and (c).

Any alien detainee who is detained under 8 U.S.C. § 1226(a), may appeal an Immigration Judge's bond determination to the BIA. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008)). If the BIA denies relief, an alien detainee may then "may file a petition for habeas corpus in the district court." *See Singh v. Holder*, 638 F.3d 1196, 1200–03 (9th Cir. 2011)).

Petitioner alleges in his habeas petition "prolonged detention" and the remedy for such detention is release from confinement. The Court, however, cannot grant such habeas relief because Petitioner has already been returned to his home country. Both the habeas petition and IFP application should thus be dismissed or denied as moot. As noted above, the habeas petition makes wide ranging allegations. To the extent some of Petitioner's allegations fall outside of claims that are cognizable in a habeas action, the Court declines to consider them.

This Report and Recommendation is not an appealable order. Thus, Petitioner should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **March 24, 2025.** The Clerk should note the matter for **March 28, 2025**, as ready for the District Judge's consideration. Objections and

REPORT AND RECOMMENDATION - 2

1  responses shall not exceed ten (10) pages. The failure to timely object may affect the right to
2  appeal.
3      DATED this 10th day of March, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3